The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you, Sarah. Good afternoon. Welcome to the Fourth Circuit. We're ready to hear argument on our first case, 20-6972 Ham v. Breckon. Let me note that for reasons we're not quite sure of, both the public defender and the government have allotted the full time slots, but since you're more or less on the same page for this appeal, we would encourage you not to repeat each other's arguments unless you think they're particularly useful. So, with that admonition, Ms. Lourish, we'll be glad to hear from you. Thank you, Your Honors. May it please the Court. Starting in Wheeler, this Court outlined a clear four-part test for when a petitioner may use the savings clause to challenge an erroneous sentence. None of this Court's cases have required a petitioner to rely on a new fatigue purposes rule to challenge a sentence in this way. Instead, the test from Wheeler requires, in relevant part, that a petitioner rely on a rule that changed the settled substantive law and also that the rule have been deemed retroactive. The three other circuits that permit similar challenges to a sentence through the savings clause all agree that Mathis changed the settled substantive law for those petitioners and that those claims were previously foreclosed before Mathis, even though Mathis was a rule that interpreted and applied past precedent, and this Court should readily find the same. The consistent requirement in Wheeler, Lester, Young, and Braswell is that a petitioner only need to rely on an intervening decision that lifted a barrier that previously existed in this circuit, and that is what Mr. Hamm has done by relying on Mathis in this 2241 petition. Prior to Mathis, this circuit's law was clear that multi-location burglary offenses were divisible as to the location of the burglary. That was true for South Carolina burglary, as this Court held back in 2006 in the Anderson case and all the way through the McLeod decision in 2015. It was also true for Virginia burglary, which was a similar multi-location burglary offense. In Foster, this Court held that Virginia burglary was divisible, and in Castadet-Lewis, this Court held that Mathis abrogated Foster. Ms. Loris, I think you said you're relying on 6th, 7th, and 9th Circuit law, correct? Do any of those circuits require a change in settled substantive law that has been deemed retroactive in the way that Wheeler does? Isn't Wheeler slightly different? Your Honor, it's true that Wheeler is the only decision that has put the word substantive in with settled law, but I don't think it's a distinction that causes a difference in this case because Mathis is clearly a substantive decision, and this Court has applied it to have changed the settled substantive law. And this Court isn't the only one to have done so. Several other circuit courts have found that Mathis changed settled substantive law as well. We see in the McCormick decision. I'm sorry, Your Honor. Ms. Loris, let me describe how I look at the arguments that all the parties have made and perhaps come at it a slightly different way. I guess I would begin by noting that in Wheeler, as Judge Stacker just pointed out, there is a clear requirement of settled substantive law, and I think that requirement is derived from the earlier decision in Jones. So, when I look at Mathis, particularly with the number of times the Supreme Court basically said, you know, characterizing colloquial terms, we've been telling you lawyers and judges this for years. This is a categorical approach. This is how we use it. We've done it time and time again. You all just don't seem to get it. So, at best, it was a procedural rule. But even accepting that Mathis is a procedural rule for purposes of the Wheeler test, which with great respect for my good friend, Judge Stacker, I still disagree with, but it is the law of the circuit, and so we go where Wheeler directs us. So, it would appear to me that there's an argument to be made that even though Mathis was procedural, that cases come after that and take the procedural provisions and apply it to make a substantive law change. So, if we look at our decision in Miller, that followed Powell. As in Powell, we had determined that the Karachuri decision from the Supreme Court was procedural. In Simmons, Karachuri was taken and used to make a substantive change in the law. So, when Miller looked at it, it said that even though Karachuri was a procedural change, which I think analogous to this case would be somewhat like Mathis, the substantive changes came later. So, in this case, in the Hall decision, even though it's unreported, that would appear to me to be a substantive change. On its own terms, it took the Mathis procedural framework and made a substantive change to say South Carolina burglary is no longer a crime of violence. And by doing so, arguably, this meets the Teague B. Lane requirement because there is a substantive change, and it has altered the range of conduct. People like Mr. Hamm, who would have faced the ACCA crime of violence restrictions at the time of his conviction, would no longer, after Hall, fall into that grouping. So, sorry for the long monologue, but it struck me going through here that perhaps the parties were looking at the wrong case to determine what was substantive. Well, thank you, Your Honor. I would start by agreeing that I don't think that the Wheeler test requires the decision, what I would call the intervening decision, to have itself been a substantive decision. I think I agree with the theory you've espoused, as I understand it, that a procedural decision could still change settled substantive law. But I don't think the court needs to find that in this case because Mathis, I would argue, is a substantive decision. And it's a substantive decision, and I would first note that every other court that's looked at it that's found Mathis applied retroactively on collateral review has found that substantive decision. But it's substantive because, like other decisions that interpreted the reach of federal sentencing enhancements, the rule from Mathis alters the range of conduct the law punishes, and not only the procedures used to obtain the conviction. And that's the relevant test here from the Supreme Court's decision in Welch. And I think it's clear that Mathis narrowed the predicates that qualify as violent felonies for the Armed Career Criminal Act. It narrowed the definition of burglary in this instance as it pertains to Mr. Hamm. So I do think that Mathis is a substantive rule. And then because it's a substantive rule, it ultimately doesn't necessarily matter whether it be a new rule or an old rule because substantive decisions apply retroactively for cases on collateral review. And again, I think the most important tell in this case is how this court and the other settled substantive law, both for the multi-location burglary offenses we've already discussed, but also in other contexts. The First Circuit in Faust, for example, found that Mathis had changed resisting arrest in an assault and battery on a police officer offense. The Fifth Circuit in Gomez Perez, Mathis required overruling a prior case that involved Texas assault. Counsel, if I can interrupt you, please. Thank you. I'm sorry about that. But I want to return to, I think, something that Judge Thacker may have been talking about earlier, which is I'm trying to make sense of the language in Wheeler that says was deemed retroactive. I mean, that's what the law, the case says. And I think that presents this question, whether you have to have a case that expressly says for what the specific area we're looking at has been deemed retroactive or whether the range of conduct is automatically retroactive. So the real question is, or a question I have is, it was deemed, just looking at it technically, suggests there ought to have to be a case that does the deeming and says it's retroactive. Are you suggesting that's not the case? If this falls in the category of cases that, as a general rule, are automatically retroactive? Your Honor, I think that the test in Wheeler doesn't require that it be this court that has deemed a case apply retroactively. I think the district court could have, in this circumstance itself, found that Mathis applied retroactively or could have relied on other circuit courts that have held the same. But ultimately, to the extent the court's concerned about this issue, I would suggest the approach Your Honor took in drafting the opinion in the Young v. Antonelli case would apply equally here, and that this court could now deem Mathis to apply retroactively and reverse and remand with that instruction to the district court. And I don't think that the circumstances are distinguishable. That would be an option the court would have if it finds that this court must be the one to deem it retroactively before it's a timely petition by Mr. Hamm. Well, does a court have to do it, really, is my question. Whether it's us or a district court, does a court have to do that, or are we allowed to say that the general law that makes decisions like this arguably retroactive, is that sufficient? Do you have a position on that, particularly given the language of Wheeler? Well, Your Honor, I think the decisions that are of the kind that Mathis is, it's based on existing precedent, although it extends that precedent, could be held under the case law to automatically apply retroactively. At the same time, I'm sensitive to this court's prior decision in Braswell v. Smith that suggests that there is a distinction between a new decision being issued and when it's deemed retroactive. So, I suppose I don't have a strong answer for the court as to which it has to be in the circumstance. Okay. Let me, one follow-up. In some of your discussion and in some of Judge Agee's discussion, I think it's probably fair to say that the law of our circuit with respect to third-degree burglary changed. I mean, curtsy and cases existed that said apply the modified categorical approach, and after Mathis, again, the whole decision says the opposite. Is the satisfaction of the Wheeler test dependent on us having that type of situation? Prior case that says something and then a subsequent case that says something, you know, directly opposed to it. In other words, we're changing specifically our precedent. Doesn't Wheeler require that if we're talking about the change of the law of this circuit? Well, Your Honor, I don't think that this court would need to reach the full contours of what a change in settled substantive law looks like in every case to clearly find in this case, as Your Honor has suggested, there's a very clear change. We have one decision saying that Mathis has abrogated the reasoning from a prior decision, and we see that not just with respect to South Carolina burglary, but also Virginia burglary, which was the similar multilocational burglary offense. So I think that we don't have to answer the broad question to resolve it for Mr. Ham's favor in this case because of the clear laws the court noted with respect to South Carolina burglary. So if there are no further questions, I would ask this court to reverse with the instruction that the court should allow Mr. Ham's 2241 petition to go forward because Mathis is retroactive, and it did change the settled substantive law for Mr. Ham. Thank you. All right. Thank you, Ms. Lorsch. Do either Judge Thacker or Judge Quattlebaum have any more questions at this time? No, thank you. I don't think so. All right. So Ms. Bockhurst, we'll hear from you before we hear from Ms. Barber. Your Honors, I think if I could just jump in and respond to the questions that have been asked because I feel like I have slightly different answers than Ms. Lorsch to several of the questions. Judge Agee, when you addressed your question about the substantive law change, I think what you explained is exactly correct, that this situation is like Miller and Powell. I think that our position would be that Mathis is both procedural and substantive, actually, if I could back up a little bit. The means versus elements analysis in there is clearly a substantive analysis about how to apply the law. That, in and of itself, does not make any substantive changes in the law. But Mathis is also a substantive case to the extent that it reversed the applicability of Iowa burglary as a predicate offense. And so, clearly, if a defendant had been convicted of an Iowa burglary and that was a predicate ACCA, the law substantively changed as to him by Mathis. So, Mathis isn't itself the substantive change in law that reaches Ham, but this court's application of Mathis creates substantive cases, creates intervening substantive law that clearly changes established precedent that then makes the whole Mathis line of cases applicable to Ham and it puts him outside of the scope of the ACCA predicate. And so... Okay, so wait, can I make sure I understand the distinction there? Okay. So, whereas Ms. Lorish, I think, argued that Mathis was a change in settled substantive law, for the government, the government is saying Mathis was not a change in settled substantive law, but the way Mathis has been applied did change settled substantive law? It changed settled substantive law as to Iowa burglary. And then the way the procedural analysis of Mathis has been applied changes settled substantive law. I think that's correct because getting to... It leads into... What did you... So, the government's brief at page 17 says Mathis did not provide anything new. So, if Mathis did not provide anything new, how could it be a change in substantive law? So, Mathis did not provide anything new with regards to Taylor, except for that it provides explanation of how to apply the Taylor analysis. And it clearly leads to reconsideration of numerous burglary offenses and other predicate offenses, and the divisibility analysis, and the subsequent cases change the settled law. So, because Mathis, the portion of Mathis that's relevant to this case, which is the clarification of Taylor and DeCamp, that is what makes it an old rule. And because it is... So, is your... If I can just kind of follow up, I think, on Judge Thacker's question, is your argument that to the extent Mathis is substantive, it's determination of whatever state it was, Iowa, this burglary statute, that that was substantive in that context? Yes, sir. Is that correct? Yes, sir. Because all the other, whatever other states there were, in this case, in the case we have, South Carolina, they're all going to have different elements than however the Iowa statute was written. Yes. And so, savings clause, getting to Judge Quattlebaum's second question, it ties in exactly. Because savings clause relief should not be afforded to a defendant unless he can show that some court, this court or the court in which the conviction came from, has determined that the effect of Mathis is to change the conviction's predicate status. So, savings clause relief does not become available until this court has already ruled that that South Carolina burglary is no longer a predicate offense in light of Mathis. And that is the relevant change in substantive law that has to be shown to get through the court. So, is that what happened in the Hall case? Yes. And then the other question that I think I have a slightly different answer to is that I think it is correct that because it is an old rule, for the purposes of Wheeler, it's deemed retroactive as soon as a court rules it is an old rule. And I think the same would be true if the finding is it's a substantive rule. But even for old rules, it's easier. Because if the decision is an old rule, it automatically applies on collateral review. You don't need to do that second analysis of whether an exception applies. So, once it's an old rule, then it has by definition been deemed retroactive for purposes of collateral review because Teague and Wharton instruct that all old rules apply on direct and collateral review. And so, I don't think that when you're talking about an old rule, that you need an intervening decision like you do under 2255F3 that says this decision is retroactive. That's slightly different from a new rule, which the presumption is new rules do not apply in collateral review unless they meet one of the Teague exceptions. And then in that situation, you would need a court to rule that it is in fact a substantive change in law or a watershed procedural rule that gets you applicability on collateral review. If Mathis is an old rule, would that old rule have been applicable when Mr. Ham was originally sentenced? Yes. And that is the key point. That old rule was applicable when Ham was sentenced. But the existing precedent regarding his predicate offenses foreclosed his arguments. And so, he could have argued the means versus element distinction, but he could not have succeeded because the binding precedent at that time was that South Carolina burglary was a valid predicate and remained so until after Mathis when it's reversed by Hall. And so, that is why he fits into the first and second prongs of the Wheeler test. Because the settled law of the circuit established the legality of his conviction, but because Mathis is an old rule, it's the rule that should have been applied. So, his sentence never should have been lawful, which is what distinguishes it from someone raising in a lien claim. Because under a lien, the sentences were lawful at the time and that is not a retroactive change in the law. So, it's still a lawful sentence. Whereas in Ham's case, his sentence was understood to be lawful, but the Supreme Court has made it clear it is not lawful now and it wasn't lawful at the time. And that the settled circuit law that was applied to him was wrong. Counsel, it sounds like you, in clarifying your position with respect to some of the questions Ms. Lorsch provided or answers she provided, you indicate that precedent that was deemed in Wheeler. I guess I can understand that reading. But, you know, I think you could, in fact, I think this is what the amicus position is that, you know, was deemed, you know, suggests something other than an automatically, you know, automatic result. And you have to, under the law, only a new rule, you know, has to be deemed retroactive. Why isn't that, you know, why doesn't that teach us that Wheeler is referring only to new rules? Particularly when you look at Jones, which specifically says that. Seems to me, you know, one would question why you would have a different and, you know, broader approach to change of sentences than you do for convictions. And, you know, I think, I'm not sure what's right, but I think it's not an unreasonable position in light of Jones and in light of what was deemed to say that implicitly means it applies only to new rules. Why, I mean, and I realize Lester could be your answer. But aside from Lester, is there an answer? Actually, my answer is that neither Jones nor Wheeler were dealing with old rules. They were dealing with new rules. So I would submit that they don't actually reach the question of what happens to new rules. That wasn't before then. The question was not before the court to determine whether old rules and new rules should be Does it Jones say that specifically? Maybe I'm wrong. Yes. No, Jones does say specifically new rules, but they don't analyze the question of whether there's a distinction between how you treat a new rule and an old rule because they were dealing with a new rule of substantive law. They were dealing with those Teague exceptions and how to apply them. And I don't know of another case that deals with what is clearly the application of an old rule. I can't I couldn't even name another situation where an old rule is clarified by the Supreme Court that leads to widespread reversal of settled substantive law. It just hasn't. I don't think that it's come up before. I don't know where it's come up before and I didn't find any instances. And so I don't think that the courts were dealing with that. And in fact, I think in Hanby Mosley, when they reiterate the Jones test, they take out that new rule language. They just talk about the change in law. And so I would actually submit that there hasn't been a holding on this point because it has not come up and that that and I would also clarify that I think that this rule would apply equally to Jones. It's not that sentencing's would be treated differently than issues of the validity of the conviction. I think that if the validity of the conviction was reversed based upon a clarification of an old rule, that the test would be the same, that it is deemed retroactive at the moment that it is deemed old rule. But I will reiterate what Ms. Lorsch said. I think that if the court is concerned about it, the solution also could just be the same approach that was taken in Young versus Antonelli, which is that you rule today that it is deemed retroactive in order for the proceedings in accordance with that, which might as actually probably the simplest approach to take going forward. But if you have no further questions, I believe that is all I have to offer as well. I don't see any other questions from our colleagues. Thank you, Ms. Blockhurst. So, Ms. Barber, we'll be glad to hear from you. Thank you, Your Honor. And may it please the court, Katie Barber as amicus. The district court correctly dismissed Mr. Hamm's petition for lack of jurisdiction, and this court should affirm. This case is about the limited last resort that Congress provides to certain prisoners who have already been convicted and failed to obtain other post-conviction relief. The Savings Clause provides one final narrow, highly restricted avenue for a prisoner to after she has been convicted, lost on one or more appeals, and lost on one or more 2255 motions. This court held in Jones and then also in Wheeler that the Savings Clause is extremely narrow and restricted to the most exceptional of circumstances, and rightfully so because a prisoner who is invoking the Savings Clause has already had multiple opportunities to challenge her sentence. And so, to get through the Savings Clause door, this court requires that prisoner to point to a dramatic change in the law. And specifically, it requires that prisoner to identify a new substantive rule of statutory interpretation that has been held to apply retroactively on collateral review. Now, it's correct that Wheeler— Let me ask you as a starting point. Do you view the Fourth Circuit's decision in Hall to be a substantive law decision, and did it change the settled law of the circuit? I do not view it that way, Your Honor. I think that, first of all, Hall was an unpublished per curiam panel decision that did not speak to overruling any binding precedent that predated Mathis. I think it's hard to see how that's a change in this circuit's precedent. I also think that Hall is very different from what happened— Let me ask you, at the time that Mr. Hamm was convicted and sentenced, the district court relied on the cases that were outstanding at that time, although there were other district court opinions or unpublished court of appeals opinions that were all unanimous that the South Carolina burglary did qualify as a crime of violence. So, that would appear to be settled law at the time of his sentencing, and Hall changed that. Are you relying on the fact that none of those were published opinions? Well, I think there is some significance to that, Your Honor, but I think the more important point is that the settled law at the time that we're talking about was the Supreme Court settled law. So, I think part of the problem with the discussion we're having is kind of conflating this court's precedents with the Supreme Court's precedents. And again, I think this is where it's different than what happened in Simmons. So, Simmons and the way that it interpreted Supreme Court precedent in Carachuri— Carachuri was a procedural rule on a different issue. It was about how to determine what qualifies as an aggravated felony. This court in Simmons, in the En Banc opinion, took the reasoning, the rationale of Carachuri to create a new substantive rule and overrule this court's prior precedent on what qualified as an offense punishable by more than one year of conviction. And what this court said in Miller, it describes how that process was one of taking the Supreme Court's procedural rule, which Miller said did not overrule anything in this circuit, did not abrogate anything in this circuit, but using its rationale, this court underwent this process of statutory interpretation in Simmons where it looked at what the term offense punishable by more than one year meant, and it redefined what that term meant and narrowed that term so that it applied to a smaller class of persons than that statute had originally applied to. And that is why Simmons was a new substantive rule, and it was a new substantive rule that changed this court's precedent. I think that's very different than what happened with Mathis and with Hall. Hall—Mathis is about the Supreme Court's precedent on a procedural matter, how courts determine culpability rather than who is culpable in the first instance under a statute. And then in applying Mathis directly, this court came out differently in how it was viewing third-degree burglary. But I think that's a different situation. This court didn't, in Hall, then interpret the terms of a statute such that that statute's terms were narrowed. Instead, Hall just simply applied the correct categorical approach, which, as the Supreme Court has said over and over again, is a procedural matter. It's, again, a matter of how courts look at criminal statutes as a general matter rather than how one particular term in a specific criminal statute is defined. So I think that those are different situations, and I think that the key inquiry under Wheeler is the same settled law that made the prisoner's sentence legal. Did that same aforementioned settled law—is what Wheeler says—did that aforementioned settled law then change and change in a way that was then held to apply retroactively on appeal? By its terms, Wheeler only is satisfied by a new substantive rule because only a new substantive rule can redefine the terms of a statute, narrow its scope, and only a new substantive rule will separately be held to apply retroactively on appeal. An old and especially— So, Ms. Barber, so we could, in your view, resolve this case without determining whether Mathis was retroactive for purposes of prong two if there's no change in settled substantive law, correct? That is correct, Your Honor. I think that, again, this court has said that prong two really has two elements to it, and so you need both this change in settled substantive law and the separate determination of the law being held to apply retroactively on collateral review. And I think that that also goes to a point that my colleagues were making about suggesting that this court could just do what the court did in Young v. Antonelli. And I think that Young is also a different situation than this case because Young was about, okay, we have a new substantive rule, but it's only been applied to a statute. Can it be extended to the sentencing guidelines? And the district court couldn't do that on its own, but this court could do it. And I think that's a very different proposition than what we're talking about here. I also think that Young really reflects that Wheeler is only satisfied by a new substantive rule because, again, Burrage, which was an issue in Young, was similar to Simmons, similar to Bailey or to Chambers, to these cases where the court is undergoing this interpretive definitional exercise of looking at a term in a statute and deciding what it means. And that is just not what Mathis did. Mathis did not look at the terms of any one particular statute and redefine them. Mathis talked as a general matter about how courts read statutes in general. Counsel, let me follow up and see if I'm understanding something about what you're saying. It sounds like it's your position that the law that existed at the time Mr. Hamm was sentenced that made his South Carolina third degree burglary a sufficient predicate offense. I think we all acknowledge that was the settled law, at least of this circuit, at the time. And is it your position that there hasn't been a case that said that is no longer the situation with respect to that statute? I thought I heard you suggest that perhaps because Hall was unpublished. And if so, I just want to understand that, first of all. I mean, if we had a decision that said, you know, curtsy, whatever the prior cases were, no longer apply, Mathis has come out and clarified things, we now see the light. It's a categorical approach, not a modified categorical approach. You know, that's not an adequate predicate offense. If we had that in our circuit of precedent right now, would we satisfy Wheeler? No, I don't think you would, your honor, because I think, again, the relevant inquiry in this case is what did Mathis do? And again, I think a good comparator is to is to what happens in Simmons, because Simmons was clearly this change in this court's own precedent. In contrast here, we're not talking about an area where the Supreme Court hasn't spoken on an issue where this court has its own kind of body of precedent on a question. We're talking about ACCA precedent, which is something that the Supreme Court speaks to almost every term and clarifies or tweaks almost every term. And it cannot be that every time the Supreme Court does that, every time it makes the slightest adjustment in its law, that it throws wide open the doors of the savings clause. We know that the savings clause is meant to be far more restricted than that. And that's the balance that this court struck in articulating its test in Wheeler is really balancing the need, on the one hand, for the justice system to have finality, you know, for a conviction to terminate at some point, balanced against the need to provide recourse in the truly exceptional cases that merit it. And I think that the court struck that reasonable balance by instituting this new substantive rule requirement under which not every change in the law, not every slight adjustment or tweaking of precedent qualifies under Wheeler. It has to be something really dramatic and foundational. And we've seen what those cases are like, again, in Bailey and Simmons, Chambers, Burridge. These cases are all very different than what Mathis did, because Mathis is all about procedure. Mathis was dictated by existing longstanding precedent that the court had repeated for decades. And it did not narrow the scope of any one statute or interpret its terms. I just also want to note that I think it's important to see how this court's test is different from those of some other courts. I think in other courts, it is sufficient if it were just this court's own precedent that foreclosed a party's argument. But again, I think Wheeler sets a higher standard, says it has to be the same law that made the sentence legal has now changed. It's not merely enough that within this circuit, Mr. Hamm couldn't make this argument. It has to be something more significant than that. And so I just think this court's test needs to be looked at on its own terms. And those terms clearly require a new substantive rule. And Mathis is not that rule. So unless there are further questions from the panel, I will cede the rest of my time. Hearing no other questions, thank you, Ms. Barber. Ms. Loris, you have some time in rebuttal. Thank you, Your Honor. So starting where the amicus left off, I want to point out that the Wheeler test does not require that an intervening decision change Supreme Court law. It specifically requires a change in the settled law of this circuit. And Mathis did precisely that. Mathis and Hall are substantive in their nature because they narrowed the statutory term burglary in the Armed Career Criminal Act. What counts as a burglary has been narrowed, and that is a substantive change that applies directly to Mr. Hamm. And I want to push back on the amicus's suggestion that this is a doors wide open situation. It clearly is not. It's a very small number of instances where this court has said an intervening Supreme Court decision has required us to change how we've previously interpreted a word in a statute. Here, this court did that in Hall. It did it for the same Virginia multilocational burglary offense in Cass and Dent Lewis that Mathis required changing prior precedent of this circuit. And for that reason, it is a restrictive test. It doesn't happen that often. And I would also note that the fourth prong of the Wheeler test always exists to prevent a floodgates problem that the amicus suggests could occur. The error we're talking about in these cases has to be sufficiently grave to be a fundamental defect. So the number of times where this court says an intervening Supreme Court decision has changed our precedent, and it's also a fundamental defect, it's a very small number of times. So the suggestion that this is going to be a wide reaching situation is unfounded. As Ms. Bockhorst noted, it's a very small number of cases that fall into the situation that Mathis occupies, where it is based on prior precedent, yet it clearly changed the settled substantive law. And I do want to respond to the question that you asked of Ms. Bockhorst, Judge Plotelbaum, with respect to what the language about deeming indicates in the Wheeler prong that suggests that does the fact that a decision has to have been deemed retroactive somehow suggest that it must be new. And I don't think that that's what the phrase deemed requires there. I think a better definition would just be recognized. And I think that we know that because as you brought up, Judge Plotelbaum, the Lester versus Flournay decision was found that Chambers was a decision that had applied retroactively, and it had changed the settled substantive law, even though the Chambers case was merely applying prior precedent the Supreme Court set out in Begay. Chambers didn't overturn a prior decision, it just applied Begay. And when this court found that that changed the settled substantive law, it already answered the question here. Well, it kind of did. I mean, you know, the result said it met the Wheeler test, but the issue wasn't contested, and there really wasn't any analysis of prong two in Lester. And I agree with you on the outcome. I think, you know, that was really a prong four test, not a prong two test case. But I get your point. I mean, they didn't stop it there, as the court could have, perhaps, if that was the intent. So I understand your point. But you may be giving it a slightly broad rating, but I understand what you're saying. Thank you. I want to, with my remaining time, also address the suggestion of the amicus that we should be looking to the Jones test at all. In the Farkas decision that this court issued, it explained that there's two different tests that apply. And the test that applies for a challenge to an erroneous sentence is clearly the Wheeler test. So the Jones decision, and whatever it may have held, is irrelevant in this context. We only look to the Wheeler test. And so I think, to the extent that the Wheeler test has created a broader conception of 2241, that's the test that's binding on this court. This is not the case that's going to expand Wheeler. Wheeler already exists. It's the law. It doesn't require a new decision. It only requires a decision that changed the settled substance of law. And that's precisely what happened for Mr. Hamm. Mr. Hamm is not someone who slept on his rights, as Ms. Barber may have suggested. He did appeal. This court accepted an amicus brief in his appeal because there was no meritorious issue. It's not as if he didn't try to take advantage of the rights afforded to him. But the settled law of this circuit foreclosed that opportunity up until Mathis changed the Thank you very much. Thank you, Ms. Lorsch. And to all counsel, you wrote good briefs and provided excellent arguments on a somewhat complicated, quasi-esoteric topic. So we'll take that under advisement. Ms. Barber, I do note that you're court-appointed, and the court wants to express its special appreciation to you for taking on the task in this case. So with that, the court's going to take a very short recess, and then we'll be back for our next case on the docket.
judges: G. Steven Agee, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.